*M'Caleb* for the plaintiffs—*Watts & Lobdell* for the defendant.

---

*MILLAUDON vs. M'MICKEN.*

An attorney h ever to release a de And be m cer tain cases, grant a stay of execution.

APPEAL from the court of the third district.

MATHEWS, J. delivered the opinion of the court. This suit is brought on an instrument in writing, by which the defendant bound himself to pay to the plaintiff the amount of certain notes and other obligations, which the former

Eastern Dist.
May, 1828.

MILLAUDON
vs.
McMICKEN

had transferred to the latter, in the event of his inability to collect or recover, by due course of law, the several sums of money which had been transferred from the debtors in said notes and obligations. Proceedings at law were to be carried on by the transferree against the debtors, to a return of *nulla bona* upon the *fi. fa.* in each case. The sum claimed in the present action, is the aggregated amount of judgments, and the costs thereon, on which executions were issued, and returns made that no property could be found. The transfer of the debts above stated, was made to secure the payment of a previous debt owing and due from the defendant to the plaintiff. The cause was submitted to a jury in the court below, who found a verdict in favour of the plaintiff for 2043 dollars and 44 cents; and judgment being rendered in pursuance thereof, the defendant appealed.

The appellant seems to rest his defence on three principal grounds: 1st. A subsequent agreement entered into between him and J. D. Colt, who acted as attorney and counsellor for the plaintiff, by which he was released from all responsibility, in any event, to pay the whole or any part of the debts which he had

Eastern Dist.
*May*, 1828.

MILLAUDON
*vs.*
M'MICKEN.
transferred. 2d. A verdict of a jury, on a former trial, in his favor, obtained in the court below. 3d. Negligence of the transferror, by his attorney, in the pursuit of the debtors on whom the claims had been transferred.

The second agreement relied on by the defendant, as a release from all the obligations imposed on him by the first, is evidenced solely by an endorsement made on a note which was transferred to the attorney of the plaintiff subsequent to the contract on which the present action is founded. The attorney had no power to make such an arrangement: it never received the sanction or confirmation of the appellee, and therefore, as to him, it is without force or effect.

In what way, or according to what principles of law, the appellant may profit by the verdict returned in his favor on the first trial of the cause, cannot be easily perceived. We are ignorant of any law, or sound rule of equity, which requires that parties to a suit, in the event of two contradictory verdicts, should submit their cause to the chance of a third. Independant of legal scrutiny, probabilities are in favour of the conclusions of the last, as being rendered under a stricter examination of

the cause; but the first is entirely annulled by the grant of a new trial, made in the exercise of legal discretion by the judge *a quo*.

The ground of defence assumed as a consequence of the fault and negligence of the plaintiff's attorney, in the prosecution of suits instituted on the claims which were transferred to him, is worthy of serious investigation. The act of transfer, according to which pursuit was made, does not stipulate for any extraordinary promptitude and diligence to be exercised on the part of the transferree. As to the time within which judgments were obtained, it appears to us that no just complaint can be made; but in several instances, indulgence was granted by a stay of execution after judgment. The proceedings in this respect, against M'Gaher, one of the largest debtors, are much complained of; and we will examine that case (as being one of the strongest in favor of the pretensions of the defendant) in order to solve the difficulties which belong to others similarly situated. Exclusive of the delay granted after judgment, in issuing execution, it is contended, on the part of the defendant, that the plaintiff has lost all recourse against him for this debt, on account of the neglect of the lat-

ter to prosecute the claim against M'Gaher to judgment, in the state of Mississippi, where the debtor resided. This claim was secured by mortgage on some property in the parish of Feliciana, and had been transferred from the original payee of the note to the appellant. The maker was sued and held to bail in this state, and judgment was obtained against him in October 1822, on which execution was issued, after the stay which had been allowed until January, 1823; on which there was a return of no property to be found. By the suit thus prosecuted on the part of the plaintiff, it is believed that he has discharged the obligation imposed on him by the contract of transfer, so far as it compelled him to pursue the debtors to judgment. Whether the indulgence, by stay of execution, has produced a forfeiture of his right to be paid by the present defendant, remains to be ascertained.

The general principle of the contract of mandate, that the agent, or attorney, takes all risks, and subjects himself to all losses which occur in consequence of acts done by him, beyond the legal limits of his power, is fully established by every system of jurisprudence. An authority given to collect money, will not

confer a right on the agent to prorogue the time of payment, and he would be responsible for the injury which his constituent might suffer from such conduct. Agents constituted with general powers to transact any business, are not bound to exercise more than ordinary diligence, and such as is customary in similar undertakings. *See Straca de contractibus mercatoriis, tit. mandati, nos.* 29 & 41.

According to the Spanish laws, those who undertake the management of suits for others, are bound to exercise diligence, industry, and skill. *Part.* 3, *tit.* 5, *law* 25 & 26.

In bringing the conduct of the attorney who prosecuted the suits commenced by the plaintiff, on the claims which had been transferred to him, to the test of these rules, we find some difficulty in coming to a conclusion entirely satisfactory to our own minds. The grant of a stay of execution on a judgment, is certainly a species of prorogation of the time within which payment might possibly have been enforced; but where such indulgence is moderate in delay, and may have been used as a means of obtaining judgment with greater facility, and more speedily than could otherwise have been effected, we believe that it is

Eastern Dist in accordance with the general practice of at-
*May., 1828*

Millaudc torneys-at-law, who are employed to collect
*vs.*
M'Micken. debts in the country, where the terms of the
court are semi-annual  Their conduct, in this
respect, must be left to the government of a
sound discretion to be by them exercised; and
they ought not to be held responsible, unless
for fraud, gross negligence (*lata culpa*) or
proof that their clients have suffered a loss by
the indulgence granted.   The evidence in the
present case, would not subject the attorney
who pursued M'Gaher to refund to his em-
ployer for a loss as necessarily resulting from
a fault in the management of that suit: neither
ought the rights of the latter, under the act of
transfer, to be affected by the conduct of his
agent.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs against the defendant
and appellant in both courts.